## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BANKERS CONSECO LIFE INSURANCE COMPANY, 350 Jericho Turnpike, #304, Jericho, NY 11753 | ) ) ) Civil Action No. ) |
| WASHINGTON NATIONAL INSURANCE COMPANY, 11825 North Pennsylvania Street, Carmel, IN 46032 | ) ) ) ) |
| and | ) ) |
| BEECHWOOD RE LTD, P.O. Box 1363, Building 3, 23 Lime Tree Bay Avenue, Governors Square, Grand Cayman KY1-1108 | ) ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) |
| EGAN-JONES RATINGS COMPANY, 61 Haverford Station Road, Haverford, PA 19041 | ) ) ) |
| Respondent. | ) ) ) |

## PETITION TO ENFORCE ARBITRATION SUMMONSES

Petitioners Bankers Conseco Life Insurance Company, Washington National Insurance Company and Beechwood Re Ltd (collectively, "Petitioners"), allege as follows against the Respondent Egan-Jones Ratings Company ("Respondent"):

### PARTIES

1. Petitioner Bankers Conseco Life Insurance Company ("BCLIC") is a New York corporation engaged in the insurance business with a principal place of business located in Jericho, New York.

2.      Petitioner Washington National Insurance Company ("WNIC") is an Indiana corporation engaged in the insurance business with a principal place of business located in Carmel, Indiana.

3.      Petitioner Beechwood Re Ltd ("Beechwood") is a life and annuity reinsurer incorporated in the Cayman Islands with its principal place of business located in New York, New York.

4.      Upon information and belief, Respondent Egan-Jones Ratings Company is a Pennsylvania company with a principal place of business located in Haverford, Pennsylvania.

## JURISDICTION AND VENUE

5.      This is a proceeding to enforce arbitration summonses arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. § 7.

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

7.      Venue is proper in this judicial district pursuant to 9 U.S.C. § 7 because the hearing took place before a majority of the arbitrators sitting in this district.

## PETITION TO ENFORCE ARBITRATION SUMMONSES

8.      This proceeding arises from an arbitration between Petitioners BCLIC and WNIC and Petitioner Beechwood (the "Arbitration").

9.      On May 3, 2018, the three-member panel in the Arbitration (the "Panel") executed and issued Petitioners' Arbitration Summonses (Exhibits 1 and 2), requesting the appearance of Larissa Gao of Egan-Jones at 61 Haverford Station Road, Haverford, Pennsylvania 19041, to attend as a witness at a hearing before the Panel on May 30, 2018 (the

"May 30 Hearing"), located within twenty miles of Egan-Jones' address, to provide testimony and to bring with her the documents identified in the Schedule As annexed to each of Petitioners' Arbitration Summonses.

10.     On May 3, 2018, BCLIC and WNIC personally served their Arbitration Summons upon Larissa Gao of Egan-Jones at 61 Haverford Station Road, Haverford, Pennsylvania 19041. (Exhibit 3.)

11.     On May 4, 2018, Beechwood personally served its Arbitration Summons upon Larissa Gao of Egan-Jones at 61 Haverford Station Road, Haverford, Pennsylvania 19041. (Exhibit 4.)

12.     On May 30, 2018, Petitioners and the full Panel convened at the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP located at 1 Penn Center – Suburban Station, 1617 JFK Boulevard, Suite 1500, Philadelphia, Pennsylvania for the May 30 Hearing in order to take the testimony of Larissa Gao and obtain her documentary evidence in accordance with Petitioners' Arbitration Summonses.

13.     Neither Larissa Gao nor any other representative of Egan-Jones appeared at the May 30 Hearing.

14.     The Panel and Petitioners were prepared to receive testimony and documentary evidence from Egan-Jones pursuant to Petitioners' Arbitration Summonses, and the Panel was prepared to rule on evidentiary issues.

15.     In addition, Petitioners hired a court reporter to record the May 30 Hearing so that the May 30 Hearing would become part of the arbitration record for the Panel to use in its ultimate determination of this dispute.

16.     Egan-Jones was provided with sufficient notice in anticipation of the May 30 Hearing, as evidenced by the Affidavits of the Process Servers. (Exhibits 3 and 4.)

17.     Petitioners' Arbitration Summonses comply with Federal Rule of Civil Procedure 45.

18.     The Panel unanimously affirmed that the Arbitration Summonses should be enforced by a Court of appropriate jurisdiction.

19.     On June 22, 2018, the Panel granted Petitioners leave to pursue judicial intervention to obtain Egan-Jones' compliance with the Petitioners' Arbitration Summonses. (Exhibit 5.)

**WHEREFORE**, Petitioners Bankers Conseco Life Insurance Company, Washington National Insurance Company and Beechwood Re Ltd respectfully request that this Court enter an Order:

A.      Compelling compliance pursuant to 9 U.S.C. § 7 with Petitioners' Arbitration Summonses dated May 3, 2018.

B.      Grant such other and further relief as may be appropriate.

DATED:  August 15, 2018

By: _____

Joseph C. Monahan (PA Bar No. 87173)
VINTAGE LAW, LLC
6 Coulter Avenue, Suite 1000
Ardmore, PA 19003
Phone:  484-413-2319
jm@vintage-law.com

Steven T. Whitmer (*Pro Hac Vice* Application
Forthcoming)
Illinois Bar No. 6244114
Alyssa M. Falk (*Pro Hac Vice* Application
Forthcoming)
Illinois Bar No. 6320588
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Phone:  312.443.1869 (STW)

*Attorneys for Petitioner Beechwood Re Ltd*


By: s/ Kyle Vellutato (*w/ permission*)

Kyle Vellutato
Joseph L. Buckley (*Pro Hac Vice* Application
Forthcoming)
Richard H. Epstein (*Pro Hac Vice* Application
Forthcoming)
SILLS CUMMIS & GROSS
One Riverfront Plaza
Newark, New Jersey 07102
(973) 643-7000

*Attorneys for Petitioners Bankers Conseco Life
Insurance Company and Washington National
Insurance Company*

# EXHIBIT 1



## THE ARBITRATION TRIBUNALS OF THE
## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| In the matter of the Arbitration between )<br>)<br>BANKERS CONSECO LIFE INSURANCE )<br>COMPANY and WASHINGTON )<br>NATIONAL INSURANCE COMPANY, )<br>)<br>      Claimants/Counterclaim- )<br>      Respondents, )<br>)<br>v. )<br>)<br>BEECHWOOD RE LIMITED, )<br>)<br>      Respondent/Counterclaimant. ) | **Case No. 01-16-0004-2510**<br><br><br>**ARBITRATION SUMMONS TO<br>TESTIFY AND PRESENT<br>DOCUMENTARY EVIDENCE AT AN<br>ARBITRATION HEARING** |

TO:  Larissa Gao, Egan-Jones Ratings Company, 61 Haverford Station Road, Haverford,
Pennsylvania 19041:

      By the authority conferred on the Arbitration Panel by Section 7 of the Federal Arbitration
Act (9 U.S.C. § 7), you are hereby SUMMONED to attend as a witness at an arbitration hearing
before one or more of the undersigned arbitrators, to be held on May 30, 2018 at 3 P.M., at the
offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP, 1 Penn Center – Suburban Station, 1617
JFK Boulevard, Suite 1500, Philadelphia, PA 19103, and to bring with you to the hearing the
documents identified in **Schedule A** annexed to this SUMMONS.

      Provided that the SUMMONS has been served upon you in the same manner as is required
of a judicial subpoena under Rule 45 of the Federal Rules of Civil Procedure, then if you shall
refuse or neglect to obey this SUMMONS, upon petition to the United States District Courts for the
Eastern District of Pennsylvania or a competent court in the District of New Jersey or the
Commonwealth of Pennsylvania, the court may compel your attendance or punish you for contempt
in the same manner provided by law for securing the attendance of witnesses or their punishment
for neglect or refusal to attend in the courts of the United States.

      You may address questions concerning this SUMMONS to the attorneys identified below.
Any application by you to quash or modify this SUMMONS in whole or in part should be addressed
to the arbitral tribunal in writing, with copies to counsel for the parties, except that a motion upon
the ground that the SUMMONS is unenforceable under Section 7 of the Federal Arbitration Act
may also be addressed to the United States District Court for the Eastern District of Pennsylvania or
a competent court in the District of New Jersey or the Commonwealth of Pennsylvania.

            Signed: _Debra J. Hall_____
            On behalf of a unanimous Panel:
                Debra J. Hall, Chair
                Susan S. Claflin
                Caleb Fowler

                Arbitrators

Requested by:

| | |
|---|---|
| Adam J. Kaiser | Joseph L. Buckley |
| John M. Aerni | Richard H. Epstein |
| ALSTON & BIRD LLP | SILLS CUMMIS & GROSS |
| 90 Park Avenue | One Riverfront Plaza |
| New York, New York 10016 | Newark, New Jersey 07102 |
| (212) 210-9400 | (973) 643-7000 |
| adam.kaiser@alston.com | jbuckley@sillscummis.com |
| john.aerni@alston.com | repstein@sillscummis.com |

Attorneys for Claimants

Dated:  May **3**, 2018

# Federal Rule of Civil Procedure 45 (d) and (e)

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A

## DEFINITIONS

1.     The terms "Affiliate" or "Affiliates" mean any person or entity that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the first person or entity specified.  When the term "Affiliate" is used in these discovery demands, it includes, in the case of an entity, not only the entity but also that entity's present and former agents, employees, representatives, investigators, attorneys, and/or any individuals acting on that entity's behalf.

2.     The term "Beechwood" refers to Beechwood Re Limited and any of its Affiliates, including but not limited to, BAM Administrative Services LLC, BAM Management Services LLC, B Asset Holdings LLC, B Asset Manager GP LLC, B Asset Manager LP, B Asset Manager II GP LLC, B Asset Manager II LP, Beechwood Asset Management Trust II, Beechwood Capital Group LLC, Beechwood Global Distribution Trust, Beechwood Global Distributors LLC, Beechwood Bermuda Ltd., Beechwood Bermuda International Ltd., Beechwood Bermuda International (Middle East) Ltd., Beechwood Bermuda Investment Holdings Ltd., Beechwood Re Holdings Inc., Beechwood Re Investments LLC, Beechwood Re Investors LLC, Beechwood Re Ltd., B Investments LLC, BRK Holdings GP Ltd., BRK Holdings Ltd., Old Mutual (Bermuda) Ltd. a/k/a Beechwood Omnia Ltd., FTL Holdings LLC, N Management LLC, MF Energy Holdings LLC, MSD Administrative Services LLC, Shoreline Gold Inc., Tevere Capital LP, Tevere Capital Management LLC, Tevere Holdings LLC and Tevere Management LP.

3.     The term "Black Elk" means Black Elk Energy Offshore Operations, LLC and any of its Affiliates.

4.     The term "Claimants" means Bankers Conseco Life Insurance Company and/or Washington National Insurance Company and any of their Affiliates.

5.      The term "Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.      The term "concerning" means concerning, referring to, relating to, describing, evidencing, or constituting.

7.      The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

8.      The term "Duff & Phelps" means Duff & Phelps Corporation, Duff & Phelps, LLC and any of their Affiliates.

9.      The term "Egan Jones" means Egan-Jones Rating Company and any of its Affiliates.

10.     The term "Eli Global" means Eli Global LLC, Global Bankers Insurance Group, and any of their Affiliates.

11.     The term "Ernst & Young" means Ernst & Young LLP and any of its Affiliates.

12.     The term "Investment" includes, but is not limited to, a transaction involving the exchange of money, securities, equity, and/or debt, on the one hand, for other money, securities, equity, and/or debt, on the other hand.

13.     The term "KPMG" means KPMG LLP and any of its Affiliates.

14.     The term "Lincoln Partners" means Lincoln International LLC, Lincoln Partners Advisors LLC and any of their Affiliates.

15.     The term "Milliman" means Milliman, Inc. and any of its Affiliates.

16.     The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17.     The term "Platinum" refers to Platinum Partners, L.P. and any of its Affiliates, including but not limited to Platinum Credit Management, L.P., Platinum Partners Credit Opportunities Master Fund L.P., Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunity Fund (BL) LLC, Platinum Partners Credit Opportunities Fund International Ltd, Platinum Partners Credit Opportunities Fund International (A) Ltd, Platinum Credit Management LLC, Platinum Credit Holdings LLC, Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P., Platinum Liquid Opportunity GP LLC, Platinum Partners Liquid Opportunity Fund (International) Ltd., Platinum Partners Liquid Opportunity Intermediate Fund L.P., Platinum Partners Liquid Opportunity Master Fund L.P., and Platinum Management (NY) LLC.

18.     The term "Reinsurance Agreements" refers to: (1) a certain New York Indemnity Reinsurance Agreement (along with any exhibits, schedules, and other Documents annexed to it) by and between Bankers Conseco Life Insurance Company and Beechwood Re Limited, executed on or around February 10, 2014; and (2) a certain  Indemnity Reinsurance Agreement (along with the exhibits, schedules, and other Documents annexed to it) by and between Washington National Insurance Company and Beechwood Re Limited, executed on or around February 10, 2014.

19.     The term "Reinsurance Trusts" means the trusts established under the Reinsurance Agreements and Trust Agreements.

20.     The term "Trust Agreements" means the trust agreements annexed to the Reinsurance Agreements.

21.     The term "Willis Towers Watson" means Willis Towers Watson & Co., Towers Watson Pennsylvania, Inc., Willis Re Inc., and any of their Affiliates.

22.     The term "Wilmington Trust" means Wilmington Trust, National Association and any of its Affiliates.

23.     The terms "You" and "Your" mean Egan Jones.

## INSTRUCTIONS

1.     In this subpoena, including the Documents to be Produced and the definitions and instructions below, the use of the singular form of a word includes the plural and vice versa, and the use of the word "any" should be construed to also mean "all" and vice versa.

2.     This subpoena calls for the production of all Documents and Communications in Your possession, custody or control.  This includes, but is not limited to, all Documents subject to Your control that are stored in physical locations, or on any electronic device or computer, including, but not limited to, servers, hard drives, thumb drives, and similar devices, laptops, tablets, or smartphones, and includes any Documents and Communications stored with cloud technology which is in Your possession, custody, or control.

3.     If You object, in whole or in part, to any category of Documents to be produced (or any definition or instruction) in this subpoena and do not produce all responsive Documents, (a) state with specificity all grounds for, and the facts upon which You base, each such objection and/or refusal to produce, and (b) identify and produce those Documents requested to which You do not object.

4.     Please produce responsive Documents to the extent that You do not claim a

privilege. If You object to any Documents requested on grounds of privilege, please fully set forth Your claim of privilege in response to this subpoena. For any responsive Documents withheld, please provide at the date and time set forth in this subpoena a summary conforming to the requirements of Fed. R. Civ. P. 45(e)(2) that describes the nature of each of the Documents, Communications or other tangible things not produced or disclosed.

5.      Unless otherwise specified, these requests seek Documents for the period January 1, 2012 through the date of this subpoena.

## DOCUMENTS TO BE PRODUCED

1.      All Documents and Communications concerning Beechwood, including but not limited to (a) any agreements with Beechwood, including negotiations concerning any actual or proposed agreements with Beechwood, (b) any reports, valuations or ratings concerning Beechwood or Reinsurance Trust assets or Investments, including any reports, valuations, ratings or other Documents or Communications Beechwood provided to You, (c) any financial statements, business plans, business projections or audits concerning Beechwood, (d) compensation, bonuses, fees, or any other form of payment You received concerning Beechwood or that Beechwood received concerning the Reinsurance Agreements, Trust Agreements or Claimants, (e) any Documents You provided to Beechwood, (f) any Investments Beechwood made or proposed to make with assets of the Reinsurance Trusts, or (g) any direct or indirect ownership interest that any Person has or had in Beechwood, including but not limited to the debt or capital structure of Beechwood, and including any beneficial ownership that any Person has or had in any of the Beechwood Trusts numbered 1 through 20 or any Series lettered A through I of Beechwood Re Investments LLC.

2.      All Documents and Communications concerning the Reinsurance Agreements, Trust Agreements, Reinsurance Trusts or any asset or Investment of the Reinsurance Trusts, including but not limited to (a) any acquisition, deposit, valuation, rating, management, withdrawal, transfer, disposition or the compliance with law, regulation or any agreement of any asset or Investment of the Reinsurance Trusts, (b) any Investment of any asset in the Reinsurance Trusts with Platinum or any Person in which Platinum has or had any ownership interest or Investment, (c) any valuation or rating of any asset or Investment in the Reinsurance Trusts by You, Lincoln Partners, or Duff & Phelps, or (d) any services performed concerning the Reinsurance Agreements, Trust Agreements, Reinsurance Trusts or any asset or Investment of the Reinsurance Trusts by You, Milliman, Ernst & Young, KPMG, Willis Towers Watson, or Wilmington Trust.

3.      All Documents and Communications concerning Mark Nordlicht, Murray Huberfeld, David Bodner, Moshe (Mark) Feuer, Scott Taylor, Dhruv Narain, David Levy, Daniel Small, Danny Saks, David Ottensoser, Paul Poteat, Will Slota, David Leff, Ezra Beren, Stewart Kim, Rick Hodgdon, Eli Rakower, Naftali Manela, or Black Elk.

4.      All Documents and Communications between or among You and Platinum.

5.      All Documents and Communications concerning any subpoena from or inquiry, investigation, examination, action or audit of any government agency, regulator, or entity, including but not limited to (a) the United States Securities and Exchange Commission, (b) the United States Department of Justice, (c) the New York State Department of Financial Services, (d) the Indiana Department of Insurance, (e) the Cayman Islands Monetary Authority, or (f) the Bermuda Monetary Authority, concerning Beechwood or Platinum, including but not limited to

any Documents or Communications You produced to, and any agreement, including search terms, You made or negotiated with, any government agency, regulator or entity.

     6.    All Documents and Communications concerning any actual or potential purchase or sale of any interest in Beechwood, including but not limited to any purchase or sale concerning Eli Global LLC, and any payments made to, by or on behalf of Beechwood concerning such purchase or sale.

# EXHIBIT 2



Locke Lord LLP

Attorneys & Counselors

111 South Wacker Drive
Chicago, IL 60606
Telephone: 312-443-0700
Fax: 312-443-0336
www.lockelord.com

Ashlee M. Knuckey
Direct Telephone: 312-443-0694
Direct Fax: 312-896-6694
aknuckey@lockelord.com

May 3, 2018

**VIA PERSONAL DELIVERY**

Egan-Jones Ratings Company
c/o Larissa Gao
61 Haverford Station Road
Haverford, Pennsylvania 19041

Re:  **Arbitration Summons to Testify and Present Documentary Evidence at an Arbitration Hearing to Egan-Jones Ratings**

Dear Ms. Gao:

On May 3, 2018, the Arbitration Panel in *Bankers Conseco Life Insurance Company and Washington National Insurance Company v. Beechwood Re Ltd*, pending before the American Arbitration Association ("AAA"), AAA Case No. 01-16-0004-2510, issued the enclosed Arbitration Summons to Testify and Present Documentary Evidence at an Arbitration Hearing directed to you, as a representative of Egan-Jones Ratings Company.

Beechwood now serves this summons upon you.

Please contact us if you have any questions.  Thank you for your attention to this matter.

Very truly yours,

LOCKE LORD LLP

Ashlee M. Knuckey

cc:    Patrick Henigan (via email)

Atlanta | Austin | Boston | Chicago | Cincinnati | Dallas | Hartford | Hong Kong | Houston | London | Los Angeles
Miami | Morristown | New Orleans | New York | Providence | San Francisco | Stamford | Washington DC | West Palm Beach

## THE ARBITRATION TRIBUNALS OF THE
## AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| In the matter of the Arbitration between | ) |
| | ) |
| BANKERS CONSECO LIFE INSURANCE | )    **Case No. 01-16-0004-2510** |
| COMPANY and WASHINGTON | ) |
| NATIONAL INSURANCE COMPANY, | ) |
| | ) |
|       Claimants/Counterclaim- | )    **ARBITRATION SUMMONS TO** |
|       Respondents, | )    **TESTIFY AND PRESENT** |
| | )    **DOCUMENTARY EVIDENCE AT AN** |
| v. | )    **ARBITRATION HEARING** |
| | ) |
| BEECHWOOD RE LIMITED, | ) |
| | ) |
|       Respondent/Counterclaimant. | ) |

TO:    Larissa Gao, Egan-Jones Ratings Company, 61 Haverford Station Road, Haverford, Pennsylvania 19041

By the authority conferred on the Arbitration Panel by Section 7 of the Federal Arbitration Act (9 U.S.C. § 7), you are hereby SUMMONED to attend as a witness at an arbitration hearing before one or more of the undersigned arbitrators, to be held on May 30, 2018 at 3 P.M., at the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP, 1 Penn Center – Suburban Station, 1617 JFK Boulevard, Suite 1500, Philadelphia, PA 19103, and to bring with you to the hearing the documents identified in **Schedule A** annexed to this SUMMONS.

Provided that the SUMMONS has been served upon you in the same manner as is required of a judicial subpoena under Rule 45 of the Federal Rules of Civil Procedure, then if you shall refuse or neglect to obey this SUMMONS, upon petition to the United States District Courts for the Eastern District of Pennsylvania or a competent court in the District of New Jersey or the Commonwealth of Pennsylvania, the court may compel your attendance or punish you for contempt in the same manner provided by law for securing the attendance of witnesses or their punishment for neglect or refusal to attend in the courts of the United States.

You may address questions concerning this SUMMONS to the attorneys identified below. Any application by you to quash or modify this SUMMONS in whole or in part should be addressed to the arbitral tribunal in writing, with copies to counsel for the parties, except that a motion upon the ground that the SUMMONS is unenforceable under Section 7 of the Federal Arbitration Act may also be addressed to the United States District Court for the Eastern District of Pennsylvania or a competent court in the District of New Jersey or the Commonwealth of Pennsylvania.

Signed: _Debra J. Hall_____

On behalf of a unanimous Panel:

Debra J. Hall, Chair
Susan S. Claflin
Caleb Fowler

Arbitrators

**Requested by:**

Steven T. Whitmer
Julie L. Young
Ashlee M. Knuckey
Alyssa M. Falk
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-1869 (S. Whitmer)
Facsimile:  (312) 896-6569 (S. Whitmer)
swhitmer@lockelord.com
jyoung@lockelord.com
aknuckey@lockelord.com
alyssa.falk@lockelord.com

Counsel for Beechwood Re Ltd

Dated:  May **3** , 2018

# Federal Rule of Civil Procedure 45 (d) and (e)

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

## SCHEDULE A

## DEFINITIONS

1.     The terms "Affiliate" or "Affiliates" mean any person or entity that directly, or indirectly through one or more intermediaries, controls or is controlled by, or is under common control with, the first person or entity specified.  When the term "Affiliate" is used in these discovery demands, it includes, in the case of an entity, not only the entity but also that entity's present and former agents, employees, representatives, investigators, attorneys, and/or any individuals acting on that entity's behalf.

2.     The term "Beechwood" refers to Beechwood Re Ltd.

3.     The term "BCLIC" means Bankers Conseco Life Insurance Company and any of its Affiliates.

4.     The term "WNIC" means Washington National Insurance Company and any of its Affiliates.

5.     The term "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

6.     The term "concerning" means concerning, referring to, relating to, describing, evidencing, or constituting.

7.     The term "Document" is defined to be synonymous in meaning and equal in scope to the usage of the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A).  A draft or non-identical copy is a separate Document within the meaning of this term.

8.     The term "Duff & Phelps" means Duff & Phelps Corporation, Duff & Phelps, LLC and any of their Affiliates.

9.     The term "Egan Jones" means Egan-Jones Rating Company and any of its Affiliates.

10.    The term "Eli Global" means Eli Global LLC, Global Bankers Insurance Group, and any of their Affiliates.

11.    The term "Ernst & Young" means Ernst & Young LLP and any of its Affiliates.

12.    The term "Investment" includes, but is not limited to, a transaction involving the exchange of money, securities, equity, and/or debt, on the one hand, for other money, securities, equity, and/or debt, on the other hand.

13.    The term "KPMG" means KPMG LLP and any of its Affiliates.

14.    The term "Lincoln Partners" means Lincoln International LLC, Lincoln Partners Advisors LLC and any of their Affiliates.

15.    The term "Milliman" means Milliman, Inc. and any of its Affiliates.

16.    The term "Person" is defined as any natural person or any legal entity, including, without limitation, any business or governmental entity or association.

17.    The term "Platinum" refers to Platinum Partners, L.P. and any of its Affiliates, including but not limited to Platinum Credit Management, L.P., Platinum Partners Credit Opportunities Master Fund L.P., Platinum Partners Credit Opportunities Fund (TE) LLC, Platinum Partners Credit Opportunities Fund LLC, Platinum Partners Credit Opportunity Fund (BL) LLC, Platinum Partners Credit Opportunities Fund International Ltd, Platinum Partners Credit Opportunities Fund International (A) Ltd, Platinum Credit Management LLC, Platinum Credit Holdings LLC, Platinum Liquid Opportunity Management (NY) LLC, Platinum Partners Liquid Opportunity Fund (USA) L.P., Platinum Liquid Opportunity GP LLC, Platinum Partners Liquid Opportunity Fund (International) Ltd., Platinum Partners Liquid Opportunity

Intermediate Fund L.P., Platinum Partners Liquid Opportunity Master Fund L.P., and Platinum Management (NY) LLC.

18.　　　The term "Reinsurance Agreements" refers to: (1) a certain New York Indemnity Reinsurance Agreement (along with any exhibits, schedules, and other Documents annexed to it) by and between Bankers Conseco Life Insurance Company and Beechwood Re Ltd, executed on or around February 10, 2014; and (2) a certain  Indemnity Reinsurance Agreement (along with the exhibits, schedules, and other Documents annexed to it) by and between Washington National Insurance Company and Beechwood Re Ltd, executed on or around February 10, 2014.

19.　　　The term "Trust Agreements" means the trust agreements annexed to the Reinsurance Agreements.

20.　　　The term "Reinsurance Trusts" means the trusts established under the Reinsurance Agreements and Trust Agreements.

21.　　　The term "Willis Towers Watson" means Willis Towers Watson & Co., Towers Watson Pennsylvania, Inc., Willis Re Inc., and any of their Affiliates.

22.　　　The term "Wilmington Trust" means Wilmington Trust, National Association and any of its Affiliates.

23.　　　The term "40|86 Advisors" means 40|86 Advisors, Inc. and any of its Affiliates.

24.　　　The term "Cornerstone" means Cornerstone Research, Inc and any of its Affiliates.

25.　　　The term "PwC" means PricewaterhouseCoopers LLP and any of its Affiliates.

26.　　　The term "Fuzion" means Fuzion Analytics, Inc. and any of its Affiliates.

27.　　　The term "LTCG" means Long Term Care Group, Inc. and any of its Affiliates.

28.　　　The terms "You" and "Your" mean Egan Jones.

## INSTRUCTIONS

1.      In this subpoena, including the Documents to be Produced and the definitions and instructions below, the use of the singular form of a word includes the plural and vice versa, and the use of the word "any" should be construed to also mean "all" and vice versa.

2.      This subpoena calls for the production of all Documents and Communications in Your possession, custody or control.  This includes, but is not limited to, all Documents subject to Your control that are stored in physical locations, or on any electronic device or computer, including, but not limited to, servers, hard drives, thumb drives, and similar devices, laptops, tablets, or smartphones, and includes any Documents and Communications stored with cloud technology which is in Your possession, custody, or control.

3.      If You object, in whole or in part, to any category of Documents to be produced (or any definition or instruction) in this subpoena and do not produce all responsive Documents, (a) state with specificity all grounds for, and the facts upon which You base, each such objection and/or refusal to produce, and (b) identify and produce those Documents requested to which You do not object.

4.      Please produce responsive Documents to the extent that You do not claim a privilege.  If You object to any Documents requested on grounds of privilege, please fully set forth Your claim of privilege in response to this subpoena.  For any responsive Documents withheld, please provide at the date and time set forth in this subpoena a summary conforming to the requirements of Fed. R. Civ. P. 45(e)(2) that describes the nature of each of the Documents, Communications or other tangible things not produced or disclosed.

5.      Unless otherwise specified, these requests seek Documents for the period January 1, 2012 through the date of this subpoena.

- 4 -

## DOCUMENTS TO BE PRODUCED

1.      All Documents requested in the Subpoena requested by Alston & Bird LLP and Sills Cummis & Gross on behalf of BCLIC and WNIC, and issued by the Panel in this Arbitration.

2.      All Documents and Communications with or concerning BCLIC, including but not limited to (a) any agreements with BCLIC, including negotiations concerning any actual or proposed agreements with BCLIC, (b) any draft or final reports, analyses, valuations or ratings concerning Beechwood, BCLIC or Reinsurance Trust assets or Investments, including any reports, valuations, ratings or other Documents or Communications prepared by You or that BCLIC provided to You, (c) all Documents You reviewed, collected or located concerning such services, (d) all workpapers concerning such services, (e) any financial statements, business plans, business projections or audits concerning BCLIC, (f) compensation, bonuses, fees, or any other form of payment You received concerning BCLIC or that BCLIC received concerning the Reinsurance Agreements, Trust Agreements, Beechwood, BCLIC or WNIC, (g) any Documents You provided to Beechwood, or (h) any Investments Beechwood made or proposed to make with assets of the Reinsurance Trusts.

3.      All Documents and Communications with or concerning WNIC, including but not limited to (a) any agreements with WNIC, including negotiations concerning any actual or proposed agreements with WNIC, (b) any draft or final reports, analyses, valuations or ratings concerning Beechwood, WNIC or Reinsurance Trust assets or Investments, including any reports, valuations, ratings or other Documents or Communications prepared by You or that WNIC provided to You, (c) all Documents You reviewed, collected or located concerning such services, (d) all workpapers concerning such services, (e) any financial statements, business

- 5 -

plans, business projections or audits concerning WNIC, (f) compensation, bonuses, fees, or any other form of payment You received concerning WNIC or that WNIC received concerning the Reinsurance Agreements, Trust Agreements, Beechwood, BCLIC or WNIC, (g) any Documents You provided to Beechwood, or (h) any Investments Beechwood made or proposed to make with assets of the Reinsurance Trusts.

4.      All of the following Documents and Communications concerning Beechwood: (a) any agreements with Beechwood, including negotiations concerning any actual or proposed agreements with Beechwood; (b) any draft or final reports, analyses, valuations or ratings concerning Beechwood or Reinsurance Trust assets or Investments, including any reports, valuations, ratings or other Documents or Communications prepared by You or that Beechwood provided to You; (c) all Documents You reviewed, collected or located concerning such services; (d) all workpapers concerning such services; (e) any financial statements, business plans, business projections or audits concerning Beechwood; (f) compensation, bonuses, fees, or any other form of payment You received concerning Beechwood or that Beechwood received concerning the Reinsurance Agreements, Trust Agreements, BCLIC or WNIC; (g) any Documents You provided to Beechwood; or (h) any Investments Beechwood made or proposed to make with assets of the Reinsurance Trusts.

5.      All Documents and Communications concerning the Reinsurance Agreements, Trust Agreements, Reinsurance Trusts or any asset or Investment of the Reinsurance Trusts, including but not limited to (a) any acquisition, deposit, valuation, rating, management, withdrawal, transfer, disposition or the compliance with law, regulation or any agreement of any asset or Investment of the Reinsurance Trusts, (b) any Investment of any asset in the Reinsurance Trusts with Platinum or any Person in which Platinum has or had any ownership interest or

Investment, (c) any valuation or rating of any asset or Investment in the Reinsurance Trusts by You, Lincoln Partners, or Duff & Phelps, or (d) any services performed concerning the Reinsurance Agreements, Trust Agreements, Reinsurance Trusts or any asset or Investment of the Reinsurance Trusts by You, Milliman, Ernst & Young, KPMG, Willis Towers Watson, Duff & Phelps, Lincoln Partners, 40|86 Advisors, Cornerstone, PwC, Fuzion, LTCG or Wilmington Trust.

6.      All Documents and Communications concerning all of the Investments under the Reinsurance Agreements, including but not limited to any calculations, charts, memos or evaluations concerning:

      (a)      96 Wythe Acquisition LLC Mezzanine Loan;

      (b)      564 St. Johns Acquisition LLC Land Loan Note;

      (c)      Agera Energy LLC Senior Secured Note & Line of Credit;

      (d)      Any membership interests in AGH Parent LLC, including but not limited to Secured Indebtedness, Common Units, Incentive Units and/or Class A, B-1, B-2 and/or C Preferred Units;

      (e)      Agera Holdings, LLC Common Units and/or any derivative therein;

      (f)      ALS Capital Ventures LLC Senior Secured Loan;

      (g)      Golden Gate Oil Senior Secured Loan;

      (h)      Implant Sciences Corporation Senior Secured Loan;

      (i)      Milberg LLP Senior Secured Loan;

      (j)      Pedevco Corp. Senior Secured Loan;

      (k)      PPMF 2016 Secured Term Note; or

      (l)      Viveros Group BVI Revolver.

7.      All Documents and Communications involving or concerning Edward Bonach, Rich Burke, Thomas Kleyle, Eric Johnson, Fred Crawford, Timothy Bischoff, Jeremy Williams,

Mark Billingsley, Christopher Foote, Bill Fritts, Ron Jackson, Michael Khalil, Paul Podgorny or Matt Zimpfer.

8.      All Documents and Communications between or among You and Platinum.

9.      All Documents and Communications concerning any subpoena from or inquiry, investigation, examination, action or audit of any government agency, regulator, or entity, including but not limited to (a) the United States Securities and Exchange Commission, (b) the United States Department of Justice, (c) the New York State Department of Financial Services, (d) the Indiana Department of Insurance, (e) the Cayman Islands Monetary Authority, or (f) the Bermuda Monetary Authority, concerning Platinum, BCLIC, WNIC or Beechwood, including but not limited to any Documents or Communications You produced to, and any agreement, including search terms, You made or negotiated with, any government agency, regulator or entity.

# EXHIBIT 3



THE ARBITRATION TRIBUNALS OF THE
AMERICAN ARBITRATION ASSOCIATION
-------------------------------------------------------X
In the Matter of the Arbitration between

BANKERS CONSECO LIFE INSURANCE
COMPANY AND WASHINGTON                              Case No. 01-16-0004-2510
NATIONAL INSURANCE COMPANY,

        Claimants/Counterclaim-
        Respondents,                            AFFIDAVIT OF SERVICE

        -against-

BEECHWOOD RE LIMITED,

        Respondent/Counterclaimant.
-------------------------------------------------------X
STATE OF PENNSYLVANIA    )
                   S.S.:
COUNTY OF PHILDELPHIA    )

        TIMOTHY WELDON, being duly sworn, deposes and says that he is over the age of

eighteen years, is an agent of the attorney service, DLS, INC., and is not a party of this action.

        That on the 3rd day of May, 2018, at approximately the time of 1:59 pm, deponent served

a true copy of the **ARBITRATION SUMMONS TO TESTIFY AND PRESENT DOCUMENTARY**

**EVIDENCE AT AN ARBITRATION HEARING** upon **LARISSA GAO** at Egan-Jones Rating

Company, 61 Haverford Station Road, Haverford, PA 19041 by personally delivering and leaving the

same with **LARISSA GAO** at that address. At that time a witness fee in the amount of $54.04 was

tendered.

        **LARISSA GAO** is a tan (Asian) female, approximately 42 years of age, stands

approximately 5 feet 3 inches tall, and weighs approximately 120 pounds with brown hair.

_____
**TIMOTHY WELDON**

Sworn to before me this
_____ day of May, 2018

_____
NOTARY PUBLIC

D.L.S., Inc.
401 Broadway
Ste. 510
New York, NY 10013
212-925-1220
www.dlsnational.com

# EXHIBIT 4

## Affidavit of Process Server

Barkers Conseco Life _____ vs Beechwood RE Limited _____ 01-16-0004-2510
Plaintiff/Petitioner                     Defendant/Respondent                     Case#

Being duly sworn, on my oath, I     ROBERT  BASSLER
declare that I am a citizen of the United States, over the age of eighteen and not a party to this action.

**Service:**      I served     Egan-Jones Ratings Company — Larissa Gao
                                    NAME OF PERSON/ENTITY BEING SERVED

with the (documents)    ☐ Subpoena with $_____ witness fee and mileage

                        ☒ Arbitration Summons & Schedule A

by serving (NAME)     LARISSA  GAO

at ☐ Home

☒ Business
☒ on (DATE)    5/4/18    at (TIME)    3:26 PM    15:26

61 Haverford Station Rd   Haverford PA 19041

Thereafter copies of the documents were mailed by prepaid, first class mail on (DATE)

From (CITY) _____     (STATE) _____

**Manner of Service:**

☐ By Personal Service

☒ By delivering, during office hours, copies at the office of the person/entity being served, leaving same with the person
apparently in charge thereof, namely,   WENDY HU , office mgr / director of operations

☐ By leaving a copy at the defendant's usual place of abode, with some person of the family or a person
residing there, of the age of 13 years or upwards, and informing that person of the general nature of the papers

☐ By posting copies in a conspicuous manner to the address of the person/entity being served.

**Non-Service:**     After due search, careful inquiry and diligent attempts at the address(es) listed above, I have been
unable to effect process upon the person/entity being served because of the following reason(s):

☐ Unknown at Address        ☐ Evading                    ☐ Other:_____
☐ Address does not exist     ☐ Service cancelled by litigant
☐ Moved, Left no forwarding   ☐ Unable to serve in a timely fashion

**Service Attempts:**  Service was attempted on: ( )_____  ,( )_____  ,( )_____
                                       DATE   TIME        DATE   TIME        DATE   TIME
( )_____        ,( )_____        ,( )_____       ,( )_____
DATE   TIME         DATE   TIME          DATE   TIME         DATE   TIME

**Description:**   ☐ Male        ☐ White Skin   ☒ Black Hair   ☐ White Hair   ☐ 14-20 Yrs.   ☐ Under 5'      ☐ Under 100 Lbs.
                   ☒ Female      ☐ Black Skin   ☐ Brown Hair   ☐ Balding      ☐ 21-35 Yrs.   ☒ 5'-5'3"       ☒ 100-130 Lbs.
                                 ☐ Brown Skin   ☐ Blond Hair                  ☒ 36-50 Yrs.   ☐ 5'4"-5'8"     ☐ 131-160 Lbs.
                   ☐ Glasses     ☒ Yellow Skin  ☐ Gray Hair    ☐ Mustache     ☐ 51-65 Yrs.   ☐ 5'9"-6'       ☐ 161-200 Lbs.
                                 ☐ Red Skin     ☐ Red Hair     ☐ Beard        ☐ Over 65 Yrs. ☐ Over 6"       ☐ Over 200 Lbs.

OTHER IDENTIFYING FEATURES:

PA
State of ~~Illinois~~  County of ~~Cook~~  PHILADELPHIA

Subscribed and sworn to before me
A notary public, this  7  day of  MAY  20 18

_M. Talone_

Notary Public

SERVED BY
LASALLE PROCESS SERVERS
ILLINOIS PRIVATE DETECTIVE LICENSE# 117-001432

CHARTER MEMBER NATIONAL ASSOCIATION OF PROFESSIONAL PROCESS SERVERS

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
MICHAEL D. TALONE, Notary Public
City of Philadelphia, Phila. County
My Commission Expires May 12, 2019

# EXHIBIT 5

**In the Matter of the Arbitration Between**

| | | |
|---|---|---|
| BANKERS CONSECO LIFE INSURANCE COMPANY and WASHINGTON NATIONAL INSURANCE COMPANY, | ) ) ) ) | |
| Claimants/Counterclaim Respondents, | ) ) | |
| v. | ) ) | AAA Case No. 01-16-0004-2510 |
| BEECHWOOD RE LIMITED, | ) ) | |
| Respondent/Counterclaimant. | ) ) | |

## ORDER ON PARTIES' ARBITRATION
## <u>SUMMONSES TO LARISSA GAO OF EGAN-JONES RATINGS COMPANY</u>

On May 30, 2018 at 3:00 p.m., the full Panel of Arbitrators convened an arbitration hearing at the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP, in Philadelphia, Pennsylvania (the "May 30 Hearing"). At the May 30 Hearing, the Panel addressed the Arbitration Summonses requested by Claimants Bankers Conseco Life Insurance Company and Washington National Insurance Company's (collectively, "Claimants") and Respondent Beechwood Re Ltd's ("Beechwood") (collectively, the "Parties") that were issued to and served upon Larissa Gao of Egan-Jones Ratings Company ("Egan-Jones"), requiring Ms. Gao to attend as a witness at the May 30 Hearing to provide testimony and to bring with her the documents identified in the Schedule As annexed to each of the Parties' Arbitration Summonses.

**THE PANEL HEREBY FINDS**:

1.     On May 3, 2018, this Panel executed and issued Claimant's and Beechwood's Arbitration Summonses, entered at the hearing as Exhibits 1 and 4, requesting the appearance of Larissa Gao of Egan-Jones at 61 Haverford Station Road, Haverford, Pennsylvania 19041, to attend as a witness at the May 30 Hearing, located within twenty miles of Egan-Jones' address,

to provide testimony and to bring with her the documents identified in the Scheduled As annexed to each of the Parties' Arbitration Summonses.

2.      On May 3, 2018, Claimant personally served its Arbitration Summons upon Larissa Gao of Egan-Jones at 61 Haverford Station Road, Haverford, Pennsylvania 19041. (Exhibit 2.)

3.      On May 4, 2018, Beechwood personally served its Arbitration Summons upon Larissa Gao of Egan-Jones at 61 Haverford Station Road, Haverford, Pennsylvania 19041. (Exhibit 5.)

4.      On May 30, 2018, the Parties and the full Panel of Arbitrators convened at the offices of McElroy, Deutsch, Mulvaney & Carpenter, LLP located at 1 Penn Center – Suburban Station, 1617 JFK Boulevard, Suite 1500, Philadelphia, Pennsylvania for the May 30 Hearing in order to take the testimony of Larissa Gao and obtain her documentary evidence in accordance with the Parties' Arbitration Summonses.

5.      Larissa Gao of Egan-Jones failed to appear at the May 30 Hearing.

6.      No representative of Egan-Jones appeared at the May 30 Hearing.

7.      The Panel and the Parties were prepared to receive testimony and documentary evidence from Egan-Jones pursuant to the Parties' Arbitration Summonses, and the Panel was prepared to rule on evidentiary issues.

8.      In addition, the Parties hired a court reporter to record the May 30 Hearing so that the May 30 Hearing would become part of the arbitration record for the Panel to use in its ultimate determination of this dispute.

9.     Egan-Jones was provided with sufficient notice in anticipation of the May 30 Hearing, as evidenced by the Affidavits of the Process Servers entered at the hearing as Exhibits 2 and 5.

10.     The Panel unanimously affirms that the Arbitration Summonses should be enforced by a Court of appropriate jurisdiction.

**THE PANEL HEREBY ORDERS:**

The Parties shall have leave to pursue judicial intervention to obtain Egan-Jones Ratings Company's compliance with Claimant's Arbitration Summons and Beechwood's Arbitration Summons.


Ordered this 22nd day of June 2018.

Debra J. Hall, Chair
Susan S. Claflin
Caleb Fowler



Prepared By:
Steven T. Whitmer
Julie L. Young
Ashlee M. Knuckey
Alyssa M. Falk
LOCKE LORD LLP
111 South Wacker Drive
Chicago, Illinois 60606
Telephone: (312) 443-1869 (S. Whitmer)
Facsimile: (312) 896-6569 (S. Whitmer)
swhitmer@lockelord.com
jyoung@lockelord.com
aknuckey@lockelord.com
alyssa.falk@lockelord.com